JAMES M. JOHNSON, Respondent, *v.* WILLIAM DICKINSON et al., Appellants. •

Plaintiff purchased of T. & Co., defendant's factors, a bill of goods upon credit, giving his notes for the purchase-price, and receiving and accepting a portion of the goods, the balance being left with T. & Co., to be delivered when called for. T. & Co. subsequently transferred the notes. Plaintiff became insolvent and proceedings in bankruptcy were instituted; the notes were proved as an unsecured claim. Plaintiff proposed a composition which was accepted by his creditors, including the transferee of the notes, who received the percentage agreed upon; the composition was confirmed by the court, and by its order, the assignee in bankruptcy, turned over the assets to plaintiff. Defendants refused to deliver the residue of the goods. In an action to recover their value, the fact of the existence of a lien for the purchase-money was controverted and not found: *held*, that whatever lien T. & Co. or their principals had, passed with the notes to the transferees, and was extinguished by proof of the claim as unsecured and acceptance of a dividend on the full amount of the notes; and that, therefore, plaintiff was entitled to recover.

(Argued May 28, 1879; decided September 16, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought to recover for the alleged conversion of a quantity of dry goods.

The referee found in substance : That the plaintiff, on the 11th day of December, 1875, purchased of E. O. Tuffts & Co., the defendant's factors, the goods described in the complaint, with a large quantity of other goods, upon five months credit. Plaintiff making and delivering three promissory notes for the purchase-price. All of said goods,

except the portion thereof described in the complaint, were forwarded and delivered to the plaintiff, and the goods so described were left in store with the said Tuffts & Co., to be forwarded or delivered to the plaintiff when he should desire. Tuffts & Co., indorsed and transferred said promissory notes, and before they respectively became due, the Hanover National Bank became the owner and holder. On or about the month of May, 1876, the plaintiff was declared a bankrupt, an assignee in bankruptcy was duly appointed and qualified, and the property and effects of the plaintiff passed to such assignee. A meeting of the creditors of the plaintiff was held June 23, 1876, under and in pursuance of an order of the court in bankruptcy, at which meeting a composition of the debts was proposed by the plaintiff, and accepted by the creditors, including the Hanover National Bank, then the owner of said notes, which composition was accepted by the requisite portion of the creditors in number and amount and perfected as provided by the bankrupt laws, and subsequently such composition was duly approved by said court. The plaintiff paid to the Hanover National Bank, and to each of his other creditors, the full percentage of their respective debts agreed upon in said composition. Afterwards, and before the 1st day of October, 1876, the plaintiff, by an order duly made in said bankruptcy proceedings, was discharged from all his debts, with the exception provided in said bankrupt laws, and the property and the effects of this plaintiff which were in the hands of the said assignee in bankruptcy, including the property described in the complaint, were turned over to the plaintiff free of any claim thereto or lien thereon by said assignee in bankruptcy. While the goods described in the complaint were in the possession of the defendants, and on or about October 17, 1876, the plaintiff demanded them, but the defendants refused to deliver the same or any part thereof.

*William H. Dickinson*, for appellants. The debt in suit having been created by fraud, it was not discharged by the

composition proceedings. (*Libby* v. *Strasburger*, 6 W'kly Dig., 265.) The discharge cannot affect title which passed before its date. (*Johnson* v. *A. and S. R. R. Co.*, 54 N. Y., 416.)

*A. D. L. Baker*, for respondent. It was not necessary that Tuffts & Co. should appear in Johnson's statement of liabilities. (Rule 64, Dist. Ct. for No. Dist. of N. Y.) A general proof of debt, without mentioning the security, releases and discharges the lien. (*In re Bloss*, 4 B. R., 147; *In re Jay Cox and Green*, 8 id., 241.) Plaintiff had a right to bring this action. (22 Wal., 263; 2 id., 330; 3 M. & W., 38; *In re McKean*, 11 B. Reg. R., 182.) The final order of confirmation in the bankruptcy proceedings was in effect a discharge, and no other order was necessary or proper. (*In re Becket*, 12 Nat. B. Reg. R., 201.)

RAPALLO, J. The title to the goods in controversy passed to the plaintiff by the sale from Tufts & Co. to him on credit, and the acceptance of the plaintiff's note for the price, and the delivery and acceptance of a portion of the lot of goods, of which those in question are the residue. The allegation of actual fraud in the purchase was not established by the evidence so as to make the refusal of the referee to find such fraud an error of law, nor was any attempt made to rescind the sale; but, on the contrary, the notes given for the price were passed off by the vendor to a third party and a dividend thereon collected by the holder. Tufts & Co. held the goods simply as bailees for the plaintiff.

The title of the assignee in bankruptcy terminated with the termination of the proceedings by the composition. It was proved on the trial that all the assets were, upon such composition being confirmed, turned over to the plaintiff by the assignee, and no specific objection was taken to the mode of proof of that fact.

Whatever lien Tufts & Co. or their principals may have had upon the goods for the purchase-money, passed with the

notes to the transferces, and was extinguished by the proof of the claim on the notes as an unsecured claim, and the acceptance of a dividend upon the full amount of the notes. But the fact of such lien was controverted and not found.

The judgment should be affirmed.

All concur.

Judgment affirmed.